IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE THE APPLICATION OF<br><br>**HEITOR FERREIRA DA COSTA,**<br>     PLAINTIFF / PETITIONER,<br><br>v.<br><br>**JESSICA CAMILA ALBEFARO DE LIMA,**<br>     DEFENDANT / RESPONDENT. | C.A. No. |

## VERIFIED COMPLAINT AND PETITION FOR RETURN OF THE MINOR CHILD

Plaintiff / Petitioner, Heitor Ferreira da Costa ("Petitioner"), respectfully states as follows:

### INTRODUCTION

1. This action is brought by Petitioner, a Brazilian citizen, to secure the return of his son, T▇▇ A▇▇▇▇ de L▇▇ F▇▇▇▇ ("child"), born ▇▇▇▇▇▇▇, 2016, age five (5), who was wrongfully taken from his home in Brazil and has been retained in Massachusetts by the child's mother, Defendant / Respondent, Jessica Camila Albefaro de Lima ("Respondent").

2. This Petition is filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 49 (reprinted at 51 Fed. Reg. 10494 (Mar. 26, 1986), and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601 – 11610 (2011).  The Hague Convention came into effect in the United States of America on July 1, 1998, and Brazil is amongst the Contracting States.  See Hague Convention attached hereto as Exhibit A.

3. The objects of the Hague Convention include: (a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and (b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the

other Contracting States.  Id.  The Hague Convention provides authority to a federal district court to determine the merits of a claim for the wrongful retention or removal of a child.

## JURISDICTION AND VENUE

4. This action is brought pursuant to the original jurisdiction conferred on this Court under 42 U.S.C. § 11603(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

5. Venue is proper under 42 U.S.C. § 11603 and 28 U.S.C. § 1391(b) because, on information and belief, the child and the Respondent reside in Edgartown, Dukes County, Massachusetts.

## FACTS

6. The parties were married on August 12, 2016. See copy of marriage certificate attached hereto as Exhibit B.

7. The child was born to the parties on ███████, 2016, and is presently five (5) years old.  See copy of birth certificate attached hereto as Exhibit C.

8. The parties and the child, all Brazilian citizens, resided together as a family in the State of Minas Gerais, Brazil, from the date of the child's birth, until the parties ended their romantic relationship and separated in or about March 2018.

9. On or about June 28, 2018, Respondent filed for divorce from Petitioner in the State of Minas Gerais, Brazil.

10. On or about October 3, 2018, the parties reached an agreement as to the terms of their divorce, which addressed in pertinent part custody and visitation of the child. The parties agreed that Petitioner would have primary custody of the child and Respondent would have visitation. See copy of divorce agreement attached as Exhibit D.

11. From the time of the parties' separation in March 2018, through November 10, 2019, Respondent had visitation and regular contact with the child to the extent Petitioner allowed.

12. On December 19, 2019, a Brazilian court entered a divorce judgment approving the terms of the parties' divorce agreement. See copy of divorce judgment attached hereto as Exhibit E.

13. In December 2019, Petitioner was told by Respondent's family that Respondent and the child would travel to the state of Sao Paolo, Brazil, for Respondent to take a hairdressing course, and that they would return to Minas Gerais in February 2020. During this time period, Respondent allowed Petitioner only limited telephone contact with the child.

14. In February 2020, when Respondent was expected to return to the state of Minas Gerais with the child, Respondent then proceeded to tell Petitioner that she needed to stay in Sao Paolo for a few more months.

15. In May 2020, Petitioner proceeded to file a police report. See copy of police report attached hereto as Exhibit F. However, even with the assistance of the Brazilian authorities, Respondent and the child could not be located.

16. In or about August of 2020, the Petitioner became aware that the Respondent and the child were not in Brazil. When Petitioner confronted Respondent, Respondent told him that she was visiting family in the United States and would return to Brazil in November 2020.

17. In December of 2020, Respondent told Petitioner that she did not intend to return to Brazil with the child.

18. Respondent has taken a course of action to attempt to deceive the Petitioner and prevent him from learning the precise whereabouts of the child, and from having regular contact with him. Petitioner has not seen the child in person since November of 2019, almost two and a half years ago.

19. Petitioner has since learned that Respondent falsified Petitioner's signature on necessary documentation to obtain a passport for the child in September 2019, and had made prior unsuccessful attempts after the parties' separation to leave Brazil and enter the United States with the child without Petitioner's knowledge or consent. See copy of passport authorization form attached hereto as Exhibit G.

20. Respondent has wrongfully retained the child in the United States, over the Petitioner's objection, and in violation of the laws of Brazil.

21. On information and belief, the child is residing with Respondent in Edgartown, Dukes County, Massachusetts.

22. On or about August 18, 2022, Petitioner filed an application under the Hague Convention through the Central Authority for International Child Abduction, with additional information provided thereafter, requesting the return of the minor child to Brazil. See a copy of said application and additional information attached hereto as Exhibit H.

**WRONGFUL RETENTION OF MINOR CHILD BY THE RESPONDENT:
CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION**

23. As set forth above, since at least August 2020, Respondent wrongfully retained the minor child and continues to wrongfully retain the minor child in the Commonwealth of Massachusetts, United States, in violation of Article 3 of the Hague Convention, despite Petitioner's efforts to have the child returned to Brazil.

24. Article 3 of the Hague Convention provides that the retention of a child is considered wrongful where (a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was a habitual resident immediately before the removal or retention; and (b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

25. Respondent's retention of the child is in violation of Petitioner's right as joint custodian to determine the minor child's place of residence. See Hague Convention, Art. 5(a) (defining "rights and custody" to include "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence").

26. At the time of the child's retention in the United States, Petitioner was exercising his rights of custody within the meaning of Articles 3 and 5 of the Hague Convention. But for Respondent's removal and retention of the child, Petitioner would have continued to exercise those rights. The child resided with the parties in Brazil within the meaning of Article 3 of the Hague Convention from the time of his birth. Petitioner continued to consistently exercise his rights of custody until the day Respondent wrongfully withheld the child in Brazil, and then removed the child from Brazil to the United States.

27. The child is presently five (5) years old. The Hague Convention is applicable to children under the age of sixteen (16).

28. Petitioner has never acquiesced or consented to Respondent's permanent retention of the child in the United States or to the child living outside of Brazil.

29. Petitioner is able to provide care for the child in Brazil.

**PROVISIONAL REMEDIES**
**(42 U.S.C. § 11604 AND HAGUE CONVENTION, ARTICLE 16)**

30.     Petitioner requests that this Court issue an immediate order restraining Respondent from removing the child from the jurisdiction of this Court and a warrant seeking immediate physical custody of the child, directing any United States Marshal or other law enforcement officer to bring the child before this Court.  Petitioner further requests that this Court schedule an expedited hearing on the merits of the within Petition.

## NOTICE OF HEARING
### (42 U.S.C. § 11603(c))

31.     Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## REQUESTS FOR RELIEF

WHEREFORE, Petitioner, Heitor Ferreira Da Costa, respectfully requests that this Court:

1.      Enter an immediate temporary restraining order prohibiting the removal of the child from the jurisdiction of this Court pending a hearing on the merits of the within Verified Complaint, and further provide that no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

2.      Schedule an expedited preliminary injunction hearing on the merits of the Verified Complaint; enter an Order that Respondent show cause at said hearing as to why the child should not be returned to Brazil and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to the Federal Rule of Civil Procedure 65, enter an Order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

3.       Enter judgment declaring and adjudicating that the child shall be returned to Brazil, where an appropriate custody determination can be made by a Brazilian Court under Brazilian law;

4.       Order Respondent to pay Petitioner's expenses and costs, including transportation costs, under 42 U.S.C. § 11607; and

5.       Grant such further and additional relief as this Honorable Court deems just and proper, including an award of costs and attorneys' fees incurred in this action.

Respectfully submitted.
**HEITOR FERREIRA DA COSTA**
By his attorneys,

Dated: April 11, 2022                      __/s/ Elizabeth G. Crowley_____
Elizabeth G. Crowley, BBO #663470
*ecrowley@burnslev.com*
Burns & Levinson LLP
125 High Street
Boston, MA 02110
Tel: (617) 345-3000

## **VERIFICATION**

Under the penalties of perjury, I declare that I have read the above Verified Complaint and Petition for Return of the Minor Child, and the facts alleged are true, to the best of my knowledge and belief.

Executed this 08 day of April, 2022.

_____
**HEITOR FERREIRA DA COSTA**

4867-6306-9723.1